# Bennett, Giuliano, McDonnell & Perrone, LLP

| **New Jersey Office:** | **494 Eighth Avenue, 7th Floor** | **Florida Office:** |
|---|---|---|
| 201 Littleton Road | **New York, New York  10001** | 6615 West Boynton Beach Blvd. |
| P.O. Box 513 | | No. 351 |
| Morris Plains, NJ  07950 | | Boynton Beach, FL  33437 |
| Tel.  (973) 387-0486 | **Telephone:  (646) 328-0120** | Tel.  (561) 337-8816 |
| Fax.  (973) 796-2884 | **Telefax:       (646) 328-0121** | Fax.  (561) 337-4653 |
| | www.bgmplaw.com | |

November 20, 2009

Honorable Shira A. Scheindlin
United States District Court Judge
Untied States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:    **Wren Shipping, LLC Trust Company v. Swedish Management Co., et al.**
09 cv 1376(SAS)

Dear Judge Scheindlin:

We represent the defendant Swedish Management Co. in the referenced matter and write in response to plaintiff's memorandum of law in response to the court's order to show cause. Pursuant to *The Shipping Company of India Limited v. Jaldhi Overseas Pte Ltd.,* 2009 WL 3319675 (2d Cir. Oct. 16, 2009), Your Honor issued an order on October 22, 2009 directing plaintiff to show cause "why the order in this case authorizing the process of maritime attachment and garnishment should not be vacated and the complaint should not be dismissed." *See Docket Entry No. 12.*    Plaintiffs argue in their memorandum of law that the writ of attachment should not be released because (1) it has not been established whether the restraining banks were acting as intermediaries, and (2) the funds restrained were no longer EFTs but rather funds held in accounts. For the reasons stated herein below, the plaintiff failed to show cause why the funds should not be released and, accordingly, the attachments must be vacated.

On November 5, 2009 in response to the *Jaldhi* Circuit Court's remand order, Judge Rakoff ruled that "the Second Circuit's opinion on Jaldhi makes clear that all EFTs are unattachable." *The Shipping Corporation of India Limited v. Jaldhi Overseas Pte. Ltd.,* 08 cv 4328(JSR)(November 5, 2009). In addition, Judge Kaplan recently held in an order dated November 18, 2009, a copy attached for your easy reference, in a matter entitled *Kolmar Group AG v. Traxpo Enterprises Private Limited,* that *Jaldhi* plainly applies to EFTs which defendant is either the originator or beneficiary. *Jaldhi,* 2009 WL 3319675 at * 11. Judge Kaplan further

noted that the Circuit Court in *Jaldhi* stated "because EFTs in the temporary possession of an intermediary bank are not property of either the originator or the beneficiary under New York Law they cannot be subject to attachment under Rule B." *Id.*; *See also Hawknet, Ltd. v. Overseas Shipping Agency* No. 09-2128 slip op. at 7 (2d Cir. November 13, 2009) ("After our decision in *Shipping Corp. of India* an EFT of which defendant is either an originator or a beneficiary is no longer attachable under Rule B.")

In addition, Judge Kaplan, citing *Hawknet*, held that the Circuit Court expressly held that *Jaldhi* applies retroactively. (*Hawknet Ltd.*, slip op. at 6; "[w]e conclude therefore that our holding in *Shipping Corp. of India* applies retroactively.)

Judge Kaplan further held that attached funds were not validly "reattached" once they were transferred into suspense accounts upon this Court's order of attachment. The Court specifically rejected plaintiff's argument that once the banks placed the attached funds into suspense accounts they were no longer EFTs and thus do not fall within the confines of *Jaldhi*.

In short, the points raised by plaintiff have recently been rejected. See *Kolmar Group AG v. Traxpo Enterprises Private Limited* (07 cv 10343) (LAK))(order dated November 19, 2009); *Sea Witch Maritime Ltd. v. MCV Egypt* (07 cv 11409) (LAK)(order dated November 18, 2009); *Viking Barge KS v. SLP Engineering Limited* (08 cv10788) (LAK)(order dated November 18, 2009); and *Hansa Sonderburg Shipping Corp. v. Hull and Hatch Logistics LLC* (09 cv 7164) (LTS)(order dated November 16, 2009).

Accordingly, because plaintiff has failed to show cause why the order in this case authorizing the process of maritime attachment and garnishment should not be vacated and the complaint dismissed, we respectfully request that the order of attachment be vacated and plaintiff ordered to advise the garnishee banks to release the funds in accordance of the instructions of the under signed counsel.

Very truly yours,

William R. Bennett, III

Encl.

cc:    **Via Facsimile:  (212) 869-0067**
       Claurisse Campanale Orozco
       Thomas L. Tisdale
       24 West 40th Street, 17th Floor
       New York, NY 10018
       Telephone: (212) 354-0025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
KOLMAR GROUP A.G.,

                              Plaintiff,

            -against-                                          07 Civ. 10343 (LAK)

TRAXPO ENTERPRISES PRIVATE LIMITED
a/k/a/ TRAXPO ENTERPRISES, et al.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/18/09
```

## ORDER

LEWIS A. KAPLAN, *District Judge.*

            On October 22, 2009, this Court ordered plaintiff to show cause, on or before
November 9, 2009, why the process of maritime attachment previously issued in this action should
not be vacated or modified in light of *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, No.
08-3477, 2009 WL 3319675 (2d Cir. Oct. 16, 2009).

            On November 9, 2009, plaintiff opposed that relief on three grounds: (1) that *Jaldhi*
does not apply to electronic fund transfers ("EFTs") of which defendant is the originator; (2) that
*Jaldhi* should not be applied retroactively; and (3) that the attached funds no longer were EFTs
subject to *Jaldhi* once they were transferred into the garnishee banks' suspense accounts. Each of
plaintiff's contentions, however, is without merit.

            First, *Jaldhi* plainly applies to EFTs of which defendant is either the originator or
beneficiary. *Jaldhi*, 2009 WL 3319675, at *11. There our Circuit stated that "[b]ecause EFTs in
the temporary possession of an intermediary bank are not property of either the originator or the
beneficiary under New York law, they cannot be subject to attachment under Rule B." *Id.*; *see also
Hawknet, Ltd. v. Overseas Shipping Agencies*, No. 09-2128, slip. op. at 7 (2d Cir. Nov. 13, 2009)
("After our decision in *Shipping Corp. of India*, an EFT of which defendant is either an originator
or a beneficiary is no longer attachable under Rule B"). In addition, in *Winter Storm Shipping Ltd.
v. TPI*, 310 F.3d 263, 266 (2d Cir. 2002), which *Jaldhi* expressly overruled, the plaintiff sought to
attach an EFT that originated from the defendant.

            Second, our Circuit has held expressly that *Jaldhi* applies retroactively. *Hawknet,
Ltd.*, slip op. at 6 ("We conclude, therefore, that our holding in *Shipping Corp. of India* applies

retroactively.")

       Third, the attached funds were not validly "re-attached" once they were transferred into suspense accounts upon this Court's order of attachment. Plaintiff argues that once the garnishee banks placed the attached funds into suspense accounts they were no longer EFTs and thus do not fall within the purview of *Jaldhi*. Plaintiff asserts also that *Reibor International Ltd. v. Cargo Carriers (KACZ-CO.) Ltd.*, 759 F.2d 262, 266 (2d Cir. 1985), buttresses the conclusion that an asset may be re-attached validly notwithstanding the infirmity of its initial attachment. Plaintiff, however, has failed to demonstrate that defendants consented to the transfer of its funds into suspense accounts. The garnishee banks instead transferred defendants' funds pursuant to this Court's order of attachment, which was improper under *Jaldhi*. Without defendants' consent, that transfer did not cure the improper attachment.[1]

       Plaintiff therefore has failed to show cause why the process of maritime attachment previously issued in this action should not be vacated or modified. In consequence, that process is vacated and this action is dismissed without prejudice and without costs.

       SO ORDERED.

Dated:      November 18, 2009

                                  Lewis A. Kaplan
                            United States District Judge

---

[1] To the extent plaintiff maintains that it has alleged sufficiently the existence of attachable property of defendants in New York, it has not borne the burden of identifying such property. *See Deval Denizcilik Ve Ticaret A.S. v. Sensy Freeight SRL*, No. 09 Civ. 7314, 2009 WL 2633661, at *2-3 (S.D.N.Y. Aug. 26, 2009).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SEA WITCH MARITIME LTD.,

                              Plaintiff,

            -against-                                                07 Civ. 11409 (LAK)

MCV EGYPT S.A. a/k/a
MANUFACTURING COMMERCIAL VEHICLES,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

       On October 26, 2009, this Court ordered plaintiff to show cause, on or before November 10, 2009, why the process of maritime attachment previously issued in this action should not be vacated or modified and the action dismissed in light of *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, No. 08-3477, 2009 WL 3319675 (2d Cir. Oct. 16, 2009).

       On November 10, 2009, Plaintiff opposed that relief on two grounds: (1) that the defendants had an attachable interest not affected by *Jaldhi* once the EFTs were transferred into the garnishee banks' suspense accounts; and (2) that *Jaldhi* should not be applied retroactively. Each of plaintiff's contentions is without merit.

       First, the improperly-attached EFTs did not become attachable property once they were transferred into suspense accounts upon this Court's order of attachment. Plaintiff argues that once the garnishee banks placed the attached funds into suspense accounts they were no longer EFTs and thus do not fall within the purview of *Jaldhi*. Plaintiff, however, has failed to demonstrate that defendants consented to the transfer of its funds into suspense accounts. The garnishee banks instead transferred defendants' funds pursuant to this Court's order of attachment, which was improper under *Jaldhi*. Without defendants' consent, that transfer did not cure the improper attachment.

       Second, our Circuit has held expressly that *Jaldhi* applies retroactively. *Hawknet, Ltd. v. Overseas Shipping Agencies*, No. 09-2128, slip op. at 6 ("We conclude, therefore, that our holding in *Shipping Corp. of India* applies retroactively.").

Plaintiff therefore has failed to show cause why the process of maritime attachment previously issued in this action should not be vacated or modified and the action dismissed. In consequence, that process is vacated and this action is dismissed without prejudice and without costs.

SO ORDERED.

Dated:        November 18, 2009

                                                    Lewis A. Kaplan
                                                United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
VIKING BARGE KS,

                              Plaintiff,

        -against-                                         08 Civ. 10788 (LAK)

SLP ENGINEERING LIMITED,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/09

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        On October 26, 2009, this Court ordered plaintiff to show cause, on or before November 10, 2009, why the process of maritime attachment previously issued in this action should not be vacated or modified and the action dismissed in light of *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.,* No. 08-3477, 2009 WL 3319675 (2d Cir. Oct. 16, 2009).

        On November 10, 2009, plaintiff opposed that relief on the grounds that: (1) the attached funds no longer were EFTs subject to *Jaldhi* once they were transferred into the garnishee banks' suspense accounts, but rather defendant's abandoned property; and (2) it would be inequitable to apply *Jaldhi* retroactively. Each of plaintiff's contentions, however, is without merit.

        First, the improperly-attached EFTs did not become attachable property once they were transferred into suspense accounts upon this Court's order of attachment. Plaintiff argues that once the garnishee banks placed the attached funds into suspense accounts they were no longer EFTs and thus do not fall within the purview of *Jaldhi*. Plaintiff, however, has failed to demonstrate that defendants consented to the transfer of its funds into suspense accounts. The garnishee banks instead transferred defendant's funds pursuant to this Court's order of attachment, which was improper under *Jaldhi*. Without defendant's consent, that transfer did not cure the improper attachment. The July 8, 2009 email attached to the Nolan Affidavit does not constitute such consent.

        Second, our Circuit has held expressly that *Jaldhi* applies retroactively. *Hawknet, Ltd. v. Overseas Shipping Agencies,* No. 09-2128, slip. op. at 6 (2d Cir. Nov. 13, 2009) ("We conclude, therefore, that our holding in *Shipping Corp. of India* applies retroactively."). The fact that plaintiff took actions in reliance on the attached security is inapposite.

Plaintiff's request for leave to file a petition to confirm its arbitration award is without merit. Plaintiff is at liberty to file an action to confirm the award if there is a jurisdictional basis for doing so.

Plaintiff therefore has failed to show cause why the process of maritime attachment previously issued in this action should not be vacated or modified and the action dismissed. In consequence, that process is vacated and this action is dismissed without prejudice and without costs.

SO ORDERED.

Dated:        November 18, 2009

Lewis A. Kaplan
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HANSA SONDERBURG SHIPPING CORP.,

                Plaintiff,

      -against-

HULL AND HATCH LOGISTICS LLC,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/18/2009
```

No. 09 Civ. 7164 (LTS)

1) retroactivity
2) no longer EFTs)

### ORDER

On October 26, 2009, the Court ordered Plaintiff to show cause by November 9, 2009, why, inter alia, any funds attached by electronic fund transfers pursuant to this Court's orders should not be immediately released and the case dismissed without prejudice (docket entry no. 20 ("OSC")). On November 10, 2009, Plaintiff filed its response to the OSC (docket entry no. 21). Plaintiff's response argues that the Second Circuit's recent decision in Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., 2009 WL 3319675 (2d Cir. Oct. 16, 2009) should not be retroactive in this instance (Mem. of Law 2-6), that the funds attached on or about September 25, 2009, at issue were no longer electronic fund transfers ("EFTs") at the time Shipping Corp. of India was decided (Id. at 6-7), and that the Court has quasi in rem jurisdiction over Defendant to the extent of any property attached (Id. at 8).

In Shipping Corp. of India, the Second Circuit held that EFTs "are not property of either the originator or the beneficiary under New York law, [and thus] they cannot be subject to attachment under Rule B." 2009 WL 3319675, at *11. Plaintiff notes that the funds attached in the instant case were attached prior to the decision in Shipping Corp. of India, and argues that,

therefore, its holding should not apply retroactively in the instant case. However, in Hawknet, Ltd. v. Overseas Shipping Agencies, No. 09-2128-cv (2d Cir. Nov. 13, 2009), the Second Circuit held that Shipping Corp. of India has retroactive effect. Hawknet made clear that the holding of Shipping Corp. of India was a "jurisdictional ruling" and "by definition, a jurisdictional ruling may never be made prospective only." Id. at *8 quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981). Plaintiff's argument against retroactivity in the instant case is rejected as contrary to the law of the Circuit.

Plaintiff's argument that the funds in question were no longer an "EFT" at the time of Shipping Corp. of India is also unavailing. Because the initial attachment was improper, the deposit of the funds into a segregated account, absent consent of the defendant, did not cure the problem addressed in Shipping Corp. of India. The legal character of the funds did not change when they were deposited. Finally, Plaintiff's argument that the Court has quasi in rem jurisdiction by virtue of Rule B is merely a variation on its first two claims and fails for the same reasons. The conferral of quasi in rem jurisdiction by Rule B attachment of EFTs in the hands of intermediaries has been specifically repudiated by Shipping Corp. of India as articulated in Hawknet.

Plaintiff has failed to demonstrate cause for the continued attachment of funds that are not, under the law of this Circuit, Defendants' property. Thus, in light of the Shipping Corp. of India and Hawknet holdings that EFTs are not property attachable under Rule B, the Court hereby vacates the September 9, 2009, order of attachment (docket entry no. 4), and orders the attached funds released immediately.

In the absence of any indication of any other basis for personal jurisdiction in this case, the case is hereby dismissed without prejudice. The Clerk of Court is respectfully directed

to close this case.

SO ORDERED.

Dated: New York, New York
       November 16, 2009

_____
LAURA TAYLOR SWAIN
United States District Judge