UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
:
WREN SHIPPING LLC TRUST :
COMPANY, :
: **MEMORANDUM**
Plaintiff, : **OPINION AND ORDER**
:
- against - : **09 Civ. 1376 (SAS)**
:
SWEDISH MANAGEMENT CO., and :
US SPARES, INC., :
:
Defendants. :
:
------------------------------------------------------- X



**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On October 16, 2009, the U.S. Court of Appeals for the Second Circuit issued its decision in *Shipping Corporation of India Ltd. v. Jaldhi Overseas Pte Ltd.*, holding, *inter alia*, that "[b]ecause [electronic fund transfers ("EFTs")] in the temporary possession of an intermediary bank are not property of either the originator or the beneficiary under New York law, they cannot be subject to attachment under Rule B."[1] On October 21, 2009, this Court issued an Order in the above captioned action directing plaintiff to show cause why this Court's order in the above captioned action directing the Clerk of the Court to issue process of

---

[1] Nos. 08 Civ. 3477 & 08 Civ. 3758, 2009 WL 3319675, at *11 (2d Cir. Oct. 16, 2009).

1

maritime attachment and garnishment and appointing a special process server pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure should not be vacated and any funds attached as EFTs should not be immediately released.

On November 13, 2009, the Second Circuit issued its decision in *Hawknet, Ltd. v. Overseas Shipping Agencies*, holding that *Shipping Corporation of India* applies retroactively.[2] As a result, EFTs may no longer be relied upon to maintain jurisdiction over a defendant that "'is not found within the district'" and that, as a result, a district court "would have to conclude that it can exercise personal jurisdiction over the defendant by some other means."[3] Accordingly, the Second Circuit remanded the action "to the District Court with instructions to enter an order to show cause why it should not dismiss the complaint for lack of personal jurisdiction."[4]

On November 19, 2009, Wren Shipping LLC Trust Company ("Wren Shipping") filed its response. Wren Shipping asserts that all attachments were initially made in good faith reliance on the current state of the law and that any

---

[2] No. 09 Civ. 2128, 2009 WL 3790654, at *3 (2d Cir. Nov. 13, 2009).

[3] *Id.* (quoting Fed. R. Civ. P. Supp. R. B(1)(a)).

[4] *Id.*

initial infirmity stemming from the funds' initial attachment was remedied by their transfer into the restraining banks' "'OFAC' account or similarly named account."[5] Wren Shipping also contends that it is unable to determine whether the garnishee banks that attached EFTs were intermediary banks and requests additional time to continue discovery.[6] Defendants submitted a response on November 20, 2009.

Having reviewed Wren Shipping's response and carefully considered its arguments in light of *Shipping Corporation of India* and *Hawknet*, Wren Shipping's arguments are rejected in their entirety. Wren Shipping's argument that the restrained funds are no longer EFTs because they are now held in a suspense account is unavailing. The funds stand in lieu of the attached EFTs, but nothing else has changed. The mere transfer of the EFTs – attached in good faith or not – into a suspense account fails to cure the underlying jurisdictional defect for purposes of continuing to restrain the funds or to exercise jurisdiction over defendants.[7] Furthermore, Wren Shipping has provided no justification for

---

[5]     Wren Shipping's Memorandum of Law in Response to the Court's Order to Show Cause at 3-4.

[6]     *See id.* at 1-2.

[7]     *See HC Trading Int'l Inc. v. Crossbow Cement*, SA, No. 08 Civ. 11237, 2009 WL 4337628, at * 1 (S.D.N.Y. Dec. 2, 2009) ("No alchemy by the parties transformed EFTs that do not provide personal jurisdiction over the defendant under Rule B into a basis for this Court's jurisdiction over the defendant."); *Calais Shipholding Co. v. Bronwen Energy Trading Ltd.*, No. 07 Civ.

3

continuing the attachment pending the results of plaintiff's investigation. Accordingly,

    IT IS HEREBY ORDERED that the ex parte Orders for Process of Attachment and Garnishment issued in this action be vacated.

    IT IS FURTHER ORDERED that any funds attached as EFTs pursuant to those Orders be immediately released.

    IT IS FURTHER ORDERED THAT the Complaint is hereby dismissed without prejudice. The Clerk of the Court is directed to close this case.

    SO ORDERED:

    _____
    Shira A. Scheindlin
    U.S.D.J.

Dated:    New York, New York
          December 9, 2009

---

10609, 2009 WL 4277246, at *3 (S.D.N.Y. Nov. 24, 2009) ("The Court declines to manipulate the Second Circuit's decision in *Shipping Cor. of India* by permitting a party to benefit from the tainted results of an improper attachment."); *Kolmar Group AG v. Traxpo Enter. Private Ltd.*, No. 07 Civ. 10343, Slip Op. at 3 (S.D.N.Y. Nov. 18, 2009) ("[T]he attached funds were not validly 're-attached' once they were transferred into suspense accounts upon this Court's order of attachment.'").

## - Appearances -

**For Plaintiff:**

Claurisse A. Campanale-Orozco, Esq.
Thomas L. Tisdale, Esq.
Tisdale Law Offices, LLC
24 West 40th Street
17th Floor
New York, New York 10018
(212) 354-0025

**For Defendants:**

William R. Bennett, Esq.
Bennett, Giuliano, McDonell & Perrone, LLP
494 Eighth Avenue
7th Floor
New York, New York 10001
(646) 328-0120